PATRICIA A. TORRACO, PLAINTIFF, v. RALPH J. TORRACO, DEFENDANT.

Superior Court of New Jersey Chancery Division Family Part Bergen County

Decided August 15, 1989.

*John E. Finnerty* for Plaintiff. (*Dunn Pashman Sponzilli Swick & Finnerty,* Esqs.)

*William T. Smith* for Defendant. (*Hook Torack and Smith,* Esqs.)

SORKOW, J.S.C.

In the instant dissolution proceeding early discovery, chambers conferences, and motions have shown that the marital estate subject to equitable distribution may consist of, *inter alia,* approximately $6,000,000.00 in bearer bonds. Both plaintiff and defendant deny possession of the bonds and accuse the other of hiding them either domestically, in off shore banks or in other places unknown. Needless to say this is bitter litigation which after twenty-nine months on the trial calendar still is in the discovery stage.

Defendant now comes before the Court on motion seeking leave to depose the detective hired by the plaintiff's attorney.

Defendant's attorney by certification alleges the subject detective, admittedly hired by plaintiff, has information about the issues in this case. He claims discovery is necessary and appropriate so as to avoid surprise at trial. The Court notes that defendant's attorney alludes to unspecified acts of wrongdoing. He is not clear as to what he wants to discover. The defendant inquires rhetorically in his certification how did this detective know of a private Carribean trip that ended in defendant's arrest in Florida as a result of plaintiff wife obtaining a Florida writ of *ne exeat* but for wiretaps or other surreptitious means. While seeking unspecified discovery from this non-party; albeit, "information", defendant also wants to copy the documents allegedly in the detective's possession.

Plaintiff's attorney responds admitting the hiring of the detective and stating that the investigator is counsel's agent. Counsel then claims that the efforts of the detective constitute privileged work product. Further, it has not yet been determined if the detective will be a lay or expert witness and argument is proffered that if counsel did what the detective did, it clearly would be work product and privileged. Since the detective is the attorney's agent, the privilege attaches to him and his work. Plaintiff says she, her attorney and his agent

only seek to learn what defendant already knows; hence, he cannot complain.

In response, defendant's counsel says they do not want the detective's work product or material prepared for trial but rather documents and evidence long in existence and only recently obtained by plaintiff. If the documents are considered work product, then *ad absurdum* all documents delivered to counsel would be privileged. This clearly is not the intent and application of the work product rule.

*R.*5:5–1 governs discovery in family matters. Court leave is required to take discovery of third parties (*R.*5:5–1(d)) except for the production of documents (*R.*4:18–1), requests for admissions (*R.*4:22–1) and copies of documents referred to in pleadings (*R.*4:18–2). These latter three categories are discoverable as of right.

*R.*4:10–2(c) defines what materials are to be produced for discovery. This is the work product privilege. The attorney-client privilege is found in *Evid.R.*26.

As to R.4:10–2(c), materials must be produced even if prepared for trial or for the party's representative only on a showing of substantial need and that the same are not obtainable without undue hardship.

*Evid.R.*26 protects communications between the client and his attorney. The protection extends to agents of attorneys and specifically an investigator hired by an attorney. *State v. Tapia,* 113 *N.J.Super.* 322 (App.Div.1971).

Here, what is sought to be discovered by defendant is information about the defendant learned by plaintiff's counsel's agent. Without more from defendant, this Court cannot define what it is he seeks. Defendant says that he does not want thoughts, theories, notes or memoranda made by the detective. He only wants the detective to reveal and produce copies of documents obtained as a result of the detective's efforts. These documents are producable as of right and an order

accordingly will be entertained by the Court (*R.*5:5–1 and *R.*4:18–1).

This Court further concludes that to take the deposition of the detective as sought by the defendant would breach *R.*5:5–1, and *Evid.R.* 26 in that the detective investigator as agent of the attorney is sheltered and protected under the mantle of the lawyers attorney-client and work product privileges.

We find a foundation statement about work product in *Hickman v. Taylor,* 329 *U.S.* 495, 67 *S.Ct.* 385, 91 *L.Ed.* 451 (1947):

The general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order *Hickman,* 67 *S.Ct.* at 394.

This is the philosophy in our *R.*4:10–2.

Is the detective investigator's work privileged and protected by the work product rule in family matters? In a word, yes.

In a case arising in New Jersey in the Federal Courts, the 3rd Circuit Court of Appeals held that to make inquiry of the detective by grand jury subpoena (as here by deposition) goes to "the core of the work product of the agent of the attorney and potentially transforms a party's lawyer's agent into a witness". *Appeal of Hughes,* 633 *F.*2d. 282 (3rd Cir.1980) at 290.

Thus, while defendant is entitled to receive copies of documents obtained by plaintiff's investigator, that investigator may not be deposed, he being an agent of the plaintiff's attorney protected by the two aforementioned privileges.

Counsel for defendant will submit an order in accordance with the foregoing.